**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARDO DIMAS PIVARAL-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71925<br><br>Agency No. A099-465-054<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Bernardo Dimas Pivaral-Gonzalez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand for further proceedings.

Substantial evidence supports the agency's denial of Pivaral-Gonzalez's CAT claim because he has not shown it is more likely than not he will be tortured by the government of Guatemala or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Pivaral-Gonzalez's asylum and withholding of removal claims, the agency determined that a group of "small landowners" is not cognizable as a particular social group. In light of our recent decision in *Cordoba*, 726 F.3d 1106, 1114 (recognizing landownership may form the basis of a particular social group), we remand Pivaral-Gonzalez's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**